**IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL | ) | Case No. 1:20-cv-02561 |
| | ) | |
| Plaintiff, | ) | Judge Andrea R. Wood |
| | ) | |
| vs. | ) | Magistrate Judge Sunil Harjani |
| | ) | |
| THERESA EAGLESON, in her official capacity as Director of the Illinois Department of Healthcare and Family Services | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO INTERVENE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 24**

Meridian Health Plan of Illinois, Inc. ("Meridian") hereby moves this Court for leave to intervene in this proceeding, pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), in order to enforce Meridian's rights under a Hospital Agreement entered into with plaintiff Saint Anthony Hospital ("Saint Anthony"). The Hospital Agreement governs certain claims asserted by Saint Anthony in this action against defendant Theresa Eagleson, in her capacity as Director of the Department of Healthcare and Family Services ("HFS") for the State of Illinois (the "State"). Meridian seeks to intervene for the sole purpose of compelling arbitration of those claims as required by the Hospital Agreement.

**I. INTRODUCTION.**

This action is a blatant attempt by Saint Anthony to avoid the Hospital Agreement and related arbitration provision it entered into with Meridian. Meridian is one of six managed care organizations (MCOs) contracted with HFS to enroll Medicaid beneficiaries as health plan members. As permitted by applicable law, Meridian entered into its related Hospital Agreement with Saint Anthony, which governs and controls Meridian's obligations to pay Saint Anthony for

services rendered. This Hospital Agreement broadly concerns all aspects of Meridian's payment obligations to Saint Anthony, including the timing and manner in which Meridian must process and pay claims. Importantly, the Hospital Agreement includes a mandatory arbitration provision that applies to all payment disputes.[1]

Through its Complaint in this action, Saint Anthony alleges that the MCOs, including Meridian, "have systematically delayed and denied claims without justification, failed to pay undisputed claims, and when payments are made, they refuse to provide the detail necessary for Saint Anthony to determine if it is receiving proper payment or, if not, why not." (ECF No. 1 at ¶¶ 1, 6, 7, 10.) Saint Anthony also contends that it "has no other recourse than this Court." (*Id*. at ¶ 78.) But Saint Anthony does have a recourse for any purported wrongdoing—an arbitration. It just chose not to use it or mention it to the Court.

Inexplicably, Saint Anthony did not demand payment from Meridian or mandatory arbitration under the Hospital Agreement. Instead, Saint Anthony filed its improper Complaint against HFS claiming that the MCOs, and thereby HFS, have violated federal law, and asking this Court to compel the State to compel Meridian to pay amounts allegedly past due for claims submitted under the Hospital Agreement. In the alternative, after complaining about the "broken Medicaid managed care system," Saint Anthony asks this Court to dismantle that system by "requiring HFS to immediately terminate its MCO contracts," including Meridian's, and to itself "pay[] immediately." (*Id*. at ¶¶ 7, 10, 87(E), 96(E).)

Saint Anthony neither mentions nor attaches the Hospital Agreement with Meridian, making it impossible for this Court to determine what—if anything—is actually due and when.

---

[1] Given that binding arbitration clauses are standard in the industry, it is likely that each of the other MCOs also has a binding arbitration clause in its contract with Saint Anthony.

2

Those issues must be resolved in binding arbitration, which Meridian commenced on June 16, 2020 against Saint Anthony before the American Arbitration Association. Meridian therefore respectfully seeks leave to intervene in this action in order to enforce its rights under the Hospital Agreement.

## II. **BACKGROUND.**

Meridian exclusively provides government-sponsored healthcare plans to low-income individuals, families and children, pregnant women, the elderly and individuals with disabilities through Meridian's Medicaid and Medicare contracts with state and federal agencies. (ECF No. 1 at ¶ 22; *see, e.g.*, https://corp.mhplan.com/en/.) Meridian has no commercial products, and thus receives all of its revenue from state or federal governments. Meridian is highly regulated and therefore has a stringent burden to ensure the proprietary of any payments it makes to healthcare providers like Saint Anthony.

In 2017, the State selected Meridian as one of seven MCOs authorized to administer managed care services to Medicaid beneficiaries through a contract with HFS. (ECF No. 1 at ¶¶ 26, 35.)[2] Under this contract, Meridian administers benefits on behalf of Medicaid members who reside in the State and enroll in Meridian's health plan. (*Id.* at ¶ 26.) The State pays Meridian a capitated rate on a per member, per month basis. (*Id.*) Meridian is then responsible for contracting with providers (like Saint Anthony) and paying for Medicaid-eligible healthcare costs incurred by Meridian's members, pursuant to the terms agreed to by Meridian and those providers. (*Id.*); *see, e.g.*, *Midwest Emergency Assocs.-Elgin Ltd. v. Harmony Health Plan of Ill., Inc.*, 888 N.E.2d 694, 696 (Ill. App. Ct. 2008) (generally discussing Medicaid managed care arrangements).

---

[2] Although HFS originally chose seven MCOs, there are currently only six MCOs contracted with HFS.

3

**The Hospital Agreement.**

In managed Medicaid, an MCO's payment obligations are subject to certain state and federal laws, with an important exception that is applicable here—the statutory provisions for timely payment apply "**unless** the health care provider and the organization agree to an alternate payment schedule," and the "MCO and its providers may, by mutual agreement, establish an alternative payment schedule." *See, e.g.*, 42 U.S.C. § 1396u-2(f) (emphasis added); 42 C.F.R. § 447.46. That is precisely what happened here—while Meridian follows the State's requirements for claims, Meridian also entered into the Hospital Agreement with Saint Anthony, in which the parties' agreed to specific rules and processes with regard to claims submitted by Saint Anthony, including provisions concerning the processing and timeliness of payment. (Ex. A.)

The Hospital Agreement, which has been effective since October 1, 2014, requires Saint Anthony to provide certain authorized, covered medical services to Meridian's members. Saint Anthony must then submit timely claims for payment to Meridian in a prescribed manner. (*Id.* at §§ 2, 4.) Meridian then processes, adjusts, pays, or denies the claims in compliance with the time frames and other requirements specified by the parties. (*Id.* at § 4.) The parties must "make a good faith effort to negotiate and resolve all billing disputes." (*Id.* at § 4.9.) In the event they are unable to do so, such disputes are subject to binding arbitration. (*Id.* at §§ 6.1, 6.2.)[3]

**The Complaint.**

Through the Complaint, Saint Anthony alleges that HFS has violated federal law by failing to ensure that the MCOs "make timely and accurate payment for Medicaid services." (ECF No. 1

---

[3] Section 6.2.1 of the Hospital Agreement provides that when negotiations fail, the parties "may request" mediation, but only if both parties agree. Meridian has chosen not to pursue mediation of the parties' disputes.

4

at ¶ 1; *see also id*. at 11, 79-96.) To support that premise, Saint Anthony disputes the payments it received from Meridian. Among other things, Saint Anthony contends that Meridian has improperly (a) denied claim payments, (b) delayed claim payments, (c) imposed administrative burdens in processing claims, and (d) lacked transparency when making claim payments. (*Id*. at ¶¶ 1, 6, 38, 43-57, 60-61, 63, 72.) Among other relief, Saint Anthony asks this Court to enter an injunction requiring the State to "use all available means" to cause Meridian to make certain claim payments to Saint Anthony, and for Meridian to use a particular format when issuing claim payment remittances. (*Id.* at ¶¶ 87, 96.) All such matters are squarely covered by the Hospital Agreement. (*See* Ex. A.)[4]

**The Arbitration.**

On June 16, 2020, pursuant to the arbitration provisions of the Hospital Agreement, Meridian filed an Arbitration Demand against Saint Anthony with the American Arbitration Association (the "Arbitration"). In the Arbitration, Meridian has demanded arbitration with respect to all matters in dispute under the Hospital Agreement, including the disputes Saint Anthony has raised in this matter concerning (1) claim denials, (2) delays in payment, (3) an alleged administrative burden, (4) Meridian's alleged lack of transparency, and (5) any and all other disputes arising out of the Hospital Agreement. (*See* Ex. F.)

### III. LEGAL STANDARD.

Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a) provides for intervention as a matter of right, stating in relevant part:

---

[4] Meridian and Saint Anthony entered into related practitioner agreements also effective October 1, 2014, as amended. To the extent applicable, those agreements also control billing and payment disputes and include an arbitration provision. (*See* Exs. B, C.) Exhibits A, B, and C of this Motion are also included in Meridian's Motion to Compel Arbitration as Exhibits 1-A, 1-B, and 1-C.

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(b) provides for permissive intervention as a matter of this Court's discretion, stating in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . (1)(B) has a claim or defense that shares with the main action a common question of law or fact. . . . (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Under either provision, the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." F. R. Civ. P. 24(c). Here, Meridian establishes all requirements for intervention, both as a matter of right and this Court's discretion.

### IV. <u>ARGUMENT.</u>

This Court should grant Meridian leave to intervene (A) as a matter of right pursuant to Rule 24(a), and (B) as a matter of permissive discretion pursuant to Rule 24(b). Upon intervention, Meridian will file it Motion to Compel Arbitration attached as Exhibit D.

  **A.**   <u>**Meridian Has A Right To Intervene.**</u>

"An applicant for intervention under the rule must demonstrate that each of four requirements is met: (1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). All four requirements are satisfied here:

**First**, Meridian's motion to intervene is timely. The Seventh Circuit considers "four factors to determine whether a motion to intervene is timely: '(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.'" *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 388 (7th Cir. 2019) (citation omitted). Here, Meridian moved to intervene within two weeks after it received a subpoena for documents in this matter on June 2, 2020. (*See* Ex. E.) Moreover, this lawsuit was filed less than two months ago on April 27, 2020. (ECF No. 1.) As a result, Meridian timely moved to intervene after receiving notice of this lawsuit, and no party would be prejudiced by Meridian's intervention.

**Second**, Meridian has an interest in the property at issue in the Complaint. "The Rule does not define 'interest,'" and "'[w]hether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination . . . .'" *Lopez-Aguilar*, 924 F.3d at 391–92 (citations omitted). "[T]he interest of a would-be intervenor must be a "direct, significant, legally protectable' one. . . . It is something more than a mere 'betting' interest, but less than a property right." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1380–81 (citations omitted). Here, Meridian unquestionably has an interest in this action for three reasons: (A) This case concerns amounts that Saint Anthony contends Meridian must timely pay it for services rendered to Meridian members; (B) all such disputes are subject to the Hospital Agreement entered into between Meridian and Saint Anthony and are subject to arbitration, which contains a valid arbitration provision; and (C) as set forth in the motion attached as Exhibit D, Meridian has an interest in seeking to compel the arbitration of those disputes. (*See* ECF No. 1 at ¶¶ 87(E), 96(E).)

7

**Third**, disposition of this action without Meridian's intervention will as a practical matter impede or impair Meridian's ability to protect its interest, as this impairs Meridian's right to arbitrate its billing and payment disputes with Saint Anthony as required by the Hospital Agreement. Indeed, in this case, Saint Anthony seeks to adjudicate Meridian's payment obligations without Meridian's involvement, without reference to the Hospital Agreement, and notwithstanding the fact that, under applicable law, "[t]he MCO and its providers may, by mutual agreement, establish an alternative payment schedule," as was done here through the Hospital Agreement. 42 C.F.R. § 447.46; *see* 42 U.S.C. § 1396u-2(f). Moreover, Saint Anthony seeks "an injunction requiring HFS to immediately terminate its MCO contracts," including the contract with Meridian, based on alleged untimely payments, even though Meridian's payment obligations have not yet been adjudicated. (ECF No. 1 at ¶¶ 87(E), 96(E).)

Intervention as a matter of right is akin to joinder of necessary parties under Rule 19. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 134 n.3 (1967) (quoting 1966 Advisory Committee Notes). Under Rule 19, courts in the Seventh Circuit routinely recognize that a party's rights are impeded when, like here, the action addresses rights covered by a contract. *See U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996) ("A judicial declaration as to the validity of a contract necessarily affects, 'as a practical matter,' the interests of both parties to the contract."); *Chaudry v. Musleh*, No. 17 C 1813, 2018 WL 3361846, at *3-5 (N.D. Ill. July 9, 2018) (finding corporation was necessary/indispensable where plaintiff alleged fraud concerning a contract of which the corporation was a signatory); *Burger King Corp. v. Am. Nat'l Bank & Trust Co. of Chicago*, 119 F.R.D. 672, 577 (N.D. Ill. 1988) (finding that third party was necessary because his contract interests could be "severely impaired" if the plaintiff lost).

8

**Fourth**, no existing party adequately represents Meridian's interests. "This standard is lenient and is satisfied if movants make a minimal showing that existing parties' representation of their interest 'may be' inadequate." *Pac. Mut. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Chicago*, 110 F.R.D. 272, 274 (N.D. Ill. 1986). That standard is easily satisfied here, where (a) the State is not a party to the Hospital Agreement entered into between Meridian and Saint Anthony, (b) Saint Anthony seeks to adjudicate Meridian's payment obligations without reference to the Hospital Agreement, and (c) Saint Anthony seeks to terminate Meridian's Medicaid contract with HFS.

All four requirements of Rule 24(a) are thus satisfied. Meridian further satisfies Rule 24(c)'s requirement to attach its proposed pleading—the Motion to Compel Arbitration attached as Exhibit D. *See, e.g.*, *Pro Lawns, Inc. v. Fid. & Deposit Co. of Md.*, No. 3:14-CV-408-WKW, 2015 WL 350637, at *3 (M.D. Ala. Jan. 23, 2015) (granting motion to intervene where intervenor attached motion to compel arbitration); *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 412 (W.D. Pa. 2006) (same). Intervention should thus be granted as a matter of right.

### B. Meridian Should Be Granted Permissive Leave to Intervene.

In the alternative, Meridian should be granted permissive leave to intervene as a matter of this Court's discretion under Rule 24(b). Rule 24(b) furthers "economy in litigation," and intervention should be permitted when the proposed intervener: (a) "'has a claim or defense that shares with the main action a common question of law or fact,'" unless (b) "intervention would 'unduly delay or prejudice the adjudication of the original parties' rights.'" *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 986 (7th Cir. 2011) (finding court abused discretion in denying motion under 24(b)). Both requirements are satisfied here.

**First**, there are common questions of law and fact surrounding Meridian's alleged obligation to pay Saint Anthony additional amounts. Through its Compliant, Saint Anthony challenges the manner and timing in which Meridian has paid, denied, and administered its claims. All such matters are covered by the Hospital Agreement, and Meridian has valid defenses to Saint Anthony's allegations based on its compliance with the Hospital Agreement terms. *See Jeffries v. Swank*, 317 F.R.D. 543, 555 (N.D. Ill. 2016) (allowing permissive intervention where intervener had at least one common question of fact with the underlying case).

**Second**, there is no undue prejudice where Meridian's intervention is timely and does not introduce unrelated issues. *See Citibank, N.A. v. Park-Kenilworth Indus., Inc.*, 109 B.R. 321, 325 (N.D. Ill. 1989) (finding no prejudice where intervener "does not seek to introduce any tangential or potentially confusing issues"); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (finding intervention would not unduly delay action where "the evidence [interveners] will present would most likely be at issue even without their intervention").

The fact that Meridian seeks to intervene for the purpose of asserting its arbitration rights does not change this result. *See, e.g.*, *Frank M. Sheesley Co.*, 239 F.R.D. at 412 (granting permissive intervention and compelling arbitration); *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934 (D. Md. 2004) (same).

## V. <u>CONCLUSION.</u>

For all of these reasons, Meridian respectfully requests that the Court grant this Motion and permit Meridian leave to intervene pursuant to Rules 24(a) and 24(b) in order to protect Meridian's rights under the Hospital Agreement, including the arbitration provision contained therein.

## VI. REQUEST FOR TELEPHONE HEARING.

Meridian believes a telephonic hearing on this Motion is necessary and, therefore, respectfully requests that such hearing be scheduled by this Court. Counsel for Defendant agree that a telephonic hearing is necessary. At the time of filing this Motion, Counsel for Plaintiff had not yet taken a position on whether a hearing is necessary.

Dated: June 16, 2020

Meridian Health Plan of Illinois, Inc.

By: /s/ *Ashlee M. Knuckey*
    One of its Attorneys

Ashlee M. Knuckey
aknuckey@lockelord.com
Steven T. Whitmer
swhitmer@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0700
Fax: 312.443.0336

**CERTIFICATE OF SERVICE**

      I, Ashlee M. Knuckey, an attorney, hereby certify that I served a copy of the foregoing MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24 on all counsel of record through the ECF system on this 16th day of June, 2020.

                                                              By:  /s/ *Ashlee M. Knuckey*

Ashlee M. Knuckey
aknuckey@lockelord.com
Steven T. Whitmer
swhitmer@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0700
Fax:    312.443.0336