# EXHIBIT F

**In the Matter of the Arbitration Between:**

| | | |
|---|---|---|
| MERIDIAN HEALTH PLAN OF ILLINOIS, INC., | ) | American Arbitration Association |
| | ) | |
| Claimant, | ) | |
| | ) | Commercial Arbitration Rules |
| and | ) | |
| | ) | |
| SAINT ANTHONY HOSPITAL. | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ARBITRATION DEMAND</u>

**Via Certified U.S. Mail to:**

**Saint Anthony Hospital**
**Attn.  Randy Stein**
**2975 W 19th Street**
**Chicago, IL 60623**

  **PLEASE TAKE NOTICE** that claimant Meridian Health Plan of Illinois Inc., ("Meridian"), by its attorneys, Locke Lord LLP, hereby demands arbitration of any and all disputes that have arisen between Meridian and Saint Anthony Hospital ("Saint Anthony") in connection with the Illinois Hospital Agreement dated October 1, 2014 (the "Hospital Agreement"), which is attached as Exhibit A.  In support of its arbitration demand, Meridian states the following:

## <u>BACKGROUND</u>

  1.  Meridian is a managed care organization ("MCO") that exclusively provides government-sponsored healthcare plans to low-income individuals, families and children, pregnant women, the elderly and individuals with disabilities through Meridian's Medicaid and Medicare contracts with state and federal agencies.  (*See, e.g.*, https://corp.mhplan.com/en/.)

2.      Meridian has no commercial products, and thus receives all of its revenue from state or federal governments.  Meridian is highly regulated and therefore has a stringent burden to ensure the proprietary of any payments it makes to healthcare providers like Saint Anthony.

3.      In 2017, the State selected Meridian as one of seven MCOs authorized to administer managed care services to Medicaid beneficiaries through a contract with the Department of Healthcare and Family Services ("HFS") for the State of Illinois (the "State").[1]  Under this contract, Meridian administers benefits on behalf of Medicaid members who reside in the State and enroll in Meridian's health plan.  The State pays Meridian a capitated rate on a per member, per month basis.  Meridian is then responsible for contracting with providers (like Saint Anthony) and paying for Medicaid-eligible healthcare costs incurred by Meridian's members, pursuant to the terms agreed to by Meridian and those providers.  *See, e.g.*, *Midwest Emergency Assocs.-Elgin Ltd. v. Harmony Health Plan of Ill., Inc.*, 888 N.E.2d 694, 696  (Ill. App. Ct. 2008) (generally discussing Medicaid managed care arrangements).

**The Hospital Agreement.**

4.      Meridian entered into the Hospital Agreement with Saint Anthony's effective October 1, 2014 and continuing through the present.  (Ex. A.)  Among other things, the Hospital Agreement requires Saint Anthony to provide certain authorized, covered medical services to Meridian's members.  Saint Anthony must then submit timely claims for payment to Meridian in a prescribed manner.  (*Id.* at §§ 2, 4.)  Meridian then processes, adjusts, pays, or denies the claims in compliance with the time frames and other requirements specified by the parties.  (*Id.* at § 4.)

---

[1] Although HFS originally chose seven MCOs, there are currently only six MCOs contracted with HFS.

5.     The parties must "make a good faith effort to negotiate and resolve all billing disputes." (*Id.* at § 4.9.)  In the event they are unable to do so, the Hospital Agreement requires "Binding Arbitration."  (*Id.* at §§ 6.1, 6.2.)[2]  Under this Hospital Agreement, "either party may seek binding arbitration either under the Rules for Arbitration of the Alternative Dispute Resolution Service of the American Health Lawyers Association or the American Arbitration Association."  (*Id*. at § 6.2.2.)  "Both [p]arties agree[d] to binding arbitration" and that such arbitration "will take place in a mutually agreed upon location."  (*Id*.)

6.     Because the parties agreed to arbitrate under the American Arbitration Association ("AAA") Rules, the parties have authorized the AAA to administer the Arbitration. *See* AAA Commercial Arbitration Rule R-2.

**The Parties' Disputes.**

7.     In Summer 2019, certain disputes arose between the parties.  These disputes included Saint Anthony's demand that Meridian pay certain claims submitted pursuant to the Hospital Agreement.  In an effort to resolve those disputes, the parties exchanged information and held meetings.

8.     On August 1, 2019, Meridian and Saint Anthony both confirmed in writing their commitment to work together to resolve all outstanding disputes.  To that end, throughout the remainder of 2019 and in 2020, the parties continued to communicate in writing and orally regarding the disputes.  Unfortunately, however, the parties' efforts were unsuccessful.[3]

---

[2] Meridian and Saint Anthony entered into related practitioner agreements also effective October 1, 2014.  To the extent applicable, those agreements also control billing and payment disputes and include an arbitration provision.  (*See* Ex. B and C.)

[3] Section 6.2.1 of the Hospital Agreement provides that when negotiations fail, the parties "may request" mediation, but only if both parties agree.  Meridian has chosen not to pursue mediation of the parties' disputes.

**The Federal Court Complaint.**

9.      While the Hospital Agreement requires the parties' disputes to be resolved through binding arbitration, Saint Anthony has instead sought to resolve the disputes in court.  Specifically, on April 27, 2020, Saint Anthony filed a lawsuit in the United States District Court for the Northern District of Illinois, Case No. 20 CV 2561 (the "Lawsuit").  The Complaint is attached as Exhibit D.

10.      Although Saint Anthony filed the Lawsuit against Theresa Eagleson, in her official capacity as Director of HFS, the Complaint raises numerous disputes against Meridian—all of which arise under the Hospital Agreement.  The disputes set forth in the Complaint include, for example:

- *Claim Denials.*  Saint Anthony alleges that its claims "have been denied by the MCOs [including Meridian] at rates that are multiples of those Saint Anthony experienced in the past," and that "[o]ften claims are denied because of administrative paperwork delays by the MCOs."  (Ex. D at ¶ 44, 47.)  As an example "Meridian/Harmony MCO recently denied a pediatric charge from Saint Anthony because the claim did not include the birth weight, which was irrelevant to the service provided."  (*Id*. at ¶ 47.)  Sections 4.4 and 4.5 of the Hospital Agreement govern such claim denials, rejections, and adjustments.  (*See* Ex. A.)

- *Delays in Payment.*  Saint Anthony alleges that "[t]he MCOs [including Meridian] regularly delay making payments for claims even after the MCO determines that the claim is valid and owed," and Saint Anthony "has to wait anywhere from 90 days to 2 years to be paid by MCOs."  (Ex. D at ¶ 51.)  Saint Anthony also alleges that "Meridian had an average monthly rate of only 39.9% of claims paid within 30 days, with some months with no claims that were submitted by Saint Anthony paid within 30 days."  (*Id*. at ¶ 72.)  Sections 4.3, 4.4, and 4.5 of the Hospital Agreement establish and govern such timing requirements for Meridian to process and pay Saint Anthony's claims.  (*See* Ex. A.)

- *Administrative Burden.*  Saint Anthony alleges that "[e]ach MCO in the State's managed care system has had different policies and procedures, creating a labyrinth for the hospitals to navigate to attempt to get paid for the services they have provided."  (Ex. D at ¶ 52.)  Saint Anthony's further alleges that "the State's managed care system [including Meridian] has imposed significant administrative burdens on Saint Anthony."  (*Id*.)  Sections 1.3 and 4.2.1 of the Hospital Agreement establish the administrative requirements for Saint Anthony to submit claims to Meridian.  (*See* Ex. A.)

- ***Lack of transparency.*** Saint Anthony alleges that "the MCOs [including Meridian] do not provide itemized claims data showing a breakdown of how it calculated the total amount of payment for a claim, leaving Saint Anthony to guess at whether it has received the full amount due to it." (*See* Ex. D at ¶ 57.) Section 4.5 of the Hospital Agreement governs requirements for Meridian to adjust payments on a submitted claim. (*See* Ex. A.)

11.     In addition, in the Complaint, Saint Anthony asks the Court to enter an injunction requiring the State to "use all available means" to cause Meridian to make certain claim payments to Saint Anthony, and for Meridian to use a particular format when issuing claim payment remittances. (Ex. D at ¶¶ 87, 96.)

12.     Pursuant to Section 6.2.2, Meridian hereby demands arbitration of all disputes arising out of the Hospital Agreement, including but not limited to those set forth above.

## <u>CONCLUSION</u>

WHEREFORE, Meridian demands arbitration of all disputes arising under the Hospital Agreement. At the final hearing, Meridian will request that the Panel make determinations regarding all such disputes, including but not limited to those disputes set forth above.

Dated: June 16, 2020                Meridian Health Plan of Illinois, Inc.


                                    By:  s/ *Ashlee M. Knuckey*
                                         One of its Attorneys


Ashlee M. Knuckey
aknuckey@lockelord.com
Steven T. Whitmer
swhitmer@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312.443.0700
Fax:    312.443.0336