# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL | ) | Case No.: 20 CV 2561 |
| | ) | |
| Plaintiff, | ) | Judge: Andrea Wood |
| | ) | |
| vs. | ) | Magistrate: Sunil Harjani |
| | ) | |
| THERESA EAGLESON, in her official | ) | |
| capacity as Director of the Illinois | ) | |
| Department of Healthcare and Family | ) | |
| Services | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BLUE CROSS AND BLUE SHIELD OF ILLINOIS'S**
**OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS**
**ISSUED BY DEFENDANT THERESA EAGLESON**

Consistent with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Blue Cross

and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve

Company ("BCBSIL") hereby provides its objections to the Subpoena to Produce Documents

("Subpoena") improperly served on BCBSIL by Defendant Theresa Eagleson in the above

captioned matter.

**GENERAL OBJECTIONS**

1.      BCBSIL objects to each and every one of the Requests to the extent Defendant

Theresa Eagleson did not properly serve BCBSIL with a copy of the Subpoena in compliance with

applicable rules, including, but not limited to, Rule 45(b)(1) of the Federal Rules of Civil

Procedure.

2.      BCBSIL objects to each and every one of the Requests to the extent Defendant

Theresa Eagleson did not provide BCBSIL a reasonable amount of time to collect and produce

documents responsive to the Subpoena.

3.      BCBSIL objects to each and every one of the Requests in the Subpoena to the extent the Requests relate to a dispute between Saint Anthony and BCBSIL that is subject to mandatory binding arbitration under Section XIII of the BCBSIL Medicaid Provider Agreement for Facility Services between Saint Anthony and BCBSIL.

4.      BCBSIL objects to each and every one of the Requests in the Subpoena as premature, particularly in light of the pending Motion to Dismiss filed by Defendant Theresa Eagleson which, if granted, would obviate the need for any discovery to BCBSIL.

5.      BCBSIL objects to  each and every one of the Requests in the Subpoena to the extent that they seek documents that are not in BCBSIL's possession, custody, or control and/or cannot be located by a reasonable search.

6.      BCBSIL objects to each and every one of the Requests in the Subpoena because they impose undue burden and expense on BCBSIL.

7.      BCBSIL objects to the Requests to the extent that they seek documents equally available in the possession, custody, or control of the actual parties to this case, including Defendant Theresa Eagleson and/or Plaintiff Saint Anthony Hospital.

8.      BCBSIL objects to the Requests to the extent that they seek documents that are neither relevant nor proportional to any of the claims or defenses asserted by any of the parties to this case.

9.      BCBSIL objects to each and every Request which seeks to impose obligations on BCBSIL that are inconsistent with or greater than those established by the Federal Rules of Civil Procedure or Local Rules for the Northern District of Illinois.

10.      BCBSIL objects to the Requests to the extent that they are ambiguous, overly broad, unduly burdensome, and/or vague.

11.     BCBSIL objects to the Requests to the extent that responding to the Requests would be oppressive, unnecessarily burdensome, unduly expensive, unreasonably cumulative, and/or duplicative.

12.     BCBSIL objects to the Requests to the extent that they may be construed as requiring BCBSIL to characterize documents or their contents or to speculate as to what documents may or may not show.  Accordingly, BCBSIL objects to such Requests as vague, ambiguous and calling for legal conclusions and speculation.

13.     BCBSIL objects to each and every definition, instruction or Request to the extent it seeks documents for an unknown and unlimited time period and/or an unreasonable time period.

14.     BCBSIL objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the mediation privilege and/or any other applicable privilege or protection.  The inadvertent disclosure of information or any document or communication that is protected from disclosure by the attorney-client privilege, the work product doctrine, the mediation privilege and/or any other privilege or protection against disclosure shall not constitute a waiver of any applicable privilege as to that document or communication or subject matter of that document or communication.  BCBSIL objects to any use by Defendant Theresa Eagleson of any inadvertently produced document or communication, and requests that Defendant Theresa Eagleson immediately notify BCBSIL of any instances where it knows, or reasonably suspects, that such an inadvertent disclosure has occurred.

15.     BCBSIL objects to the Requests to the extent that they demand information that is confidential or proprietary business information, trade secrets, or competitively sensitive information of which disclosure would be harmful to BCBSIL.

16.     BCBSIL objects to the Requests to the extent that they could be interpreted as seeking disclosure of protected health information which is protected against disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

17.     BCBSIL reserves the right to supplement, modify, or add to its Objections to the Subpoena.

18.     These General Objections are specifically incorporated by reference into each Specific Objection below.

### BCBSIL'S SPECIFIC OBJECTIONS TO REQUESTS

**1.      In Microsoft Excel format, information identifying all Medicaid claims submitted by Saint Anthony Hospital ("SAH") in 2019 and 2020 which you (the "MCO") determined to be unclean at the time of receipt, including, but not limited to, the following information: claim number, dates of service, calculation of charges for services, statement date, date claim sent, and document control number.**

**RESPONSE:**  In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case.

**2.      For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by providers that were *paid* within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.**

**RESPONSE:**  In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case.   BCBSIL also objects to this Request as vague and ambiguous because it does not specify any particular provider or identify the 30-day and 90-day periods with sufficient particularity.

**3.      For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by SAH that were *paid* within 30 days, 90 days, and more than 90 days after receipt of the clean claim.**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case. BCBSIL also objects to this Request as vague and ambiguous because it does not identify the 30-day and 90-day periods with sufficient particularity.

4. **Communications (including emails) between MCO and SAH (including their employees and agents) regarding (a) the timing of the MCO's payments after receiving Medicaid claims, including any asserted failure by the MCO to promptly pay a claim, (b) the asserted lack of relevant detail or information on the MCO's Explanation of Payments, Remittance Advices or notices of claim denial, or (c) SAH's compliance with the claim-submission procedures in the Illinois Association of Medicaid Health Plan's Comprehensive Billing Manual or SAH's contract with an MCO (but not, for any category, communications relating only to an individual claim).**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case. BCBSIL also objects to this Request as vague and ambiguous because it does not identify "an MCO" or the 30-day and 90-day periods with sufficient particularity. BCBSIL further objects to this Request to the extent that it seeks documents outside of BCBSIL's possession, custody or control.

5. **For the period between and including January 2019 to May 2020, documents showing how SAH compares with other healthcare providers regarding how quickly they submit claims for Medicaid reimbursement after a patient's discharge, and the rates at which the claims are rejected or denied.**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case. BCBSIL also objects to this Request as vague and ambiguous because it does not identify "other healthcare providers" with sufficient particularity.

6. **For the period between and including January 2019 to May 2020, document showing how quickly SAH's Medicaid claims are paid compared to other providers.**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case. BCBSIL also objects to this Request as vague and ambiguous because it does not identify "other providers" with sufficient particularity.

7. **For the period between and including January 2019 to May 2020, documents showing the process and documentation for any component of access payments, directed payments or assessment funded payments that are paid through the MCO.**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case.

8. **For the period between and including January 2019 to May 2020, communications or documents referring to communications related to or regarding the use or potential use of the dispute resolution procedures in SAH's contract with the MCO, or about the pursuit of any other legal claims or recourse by SAH against the MCO relating to SAH's Medicaid claims, including, but not limited to payment delay or payment denial.**

**RESPONSE:** In addition to its General Objections, BCBSIL objects to this Request as overbroad, unduly burdensome, and seeking documents that are neither relevant nor proportional to any of the claims or defenses asserted by Defendant Theresa Eagleson in this case. BCBSIL also objects to this Request to the extent it could be interpreted as seeking documents and communications protected from disclosure by the attorney-client privilege, the work product doctrine, the mediation privilege and any other privilege or protection against disclosure.

Dated: June 16, 2020       Respectfully submitted,


By: /s/ Kevin D. Tessier

Martin J. Bishop, Esq. (IL # 6269425)
Kevin D. Tessier, Esq. (IL #6238232)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
ktessier@reedsmith.com
T: (312) 207-1000
F: (312) 207-6400

*Counsel for Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation, a Mutual Legal Reserve Company*

## **CERTIFICATE OF SERVICE**

I certify that on June 16, 2020, I served Blue Cross and Blue Shield of Illinois, a Division of

Health Care Service Corporation, a Mutual Legal Reserve Company's Objections to Defendant Theresa

Eagleson's Subpoena to Produce Documents on the following counsel via email and U.S. mail:

> Sunil Bhave
> Richard S. Huszagh
> Jason A. Kanter
> Assistant Attorney's General
> Office of the Attorney General
> 100 W. Randolph Street, 13th Floor
> Chicago, IL 60602
> T: (312) 814-2098
> sbhave@atg.state.il.us
> rhuszagh@atg.state.il.us
> jkanter@atg.state.il.us

> *Counsel for Defendant Theresa Eagleson*

_____ /s/ Kevin D. Tessier _____

*Counsel for Blue Cross and Blue Shield of Illinois,*
*a division of Health Care Service Corporation, a*
*Mutual Legal Reserve Company*



## OFFICE OF THE STATE'S ATTORNEY
## COOK COUNTY, ILLINOIS

**KIMBERLY M. FOXX**
STATE'S ATTORNEY

500 RICHARD J. DALEY CENTER
CHICAGO, ILLINOIS 60602

SILVIA MERCADO MASTERS
ASSISTANT STATE'S ATTORNEY
MUNICIPAL LITIGATION UNIT

PHONE (312) 603-7795
FAX (312) 603-3000

June 16, 2020

Jason Kanter
Assistant Attorney General
100 W. Randolph, 13th Floor
Chicago, IL 60601
jkanter@atg.state.il.us

      **Re:**    ***Subpoena in Saint Anthony Hospital v. Eagleson, No. 20 C 2561***

Dear Mr. Kanter:

This correspondence is in response to the subpoena issued June 2, 2020 to CountyCare in the above-captioned matter (attached). This subpoena seeks a myriad of documents regarding claims submitted to CountyCare by Saint Anthony Hospital (SAH), payment of claims in general, as well as communications between CountyCare and the Hospital.

CountyCare objects, pursuant to Rule 45(d)(2)(B), to this subpoena because the allegations made against CountyCare in the Complaint are subject to the arbitration clause contained in the Facility Agreement between SAH and CountyCare. Because SAH's allegations of default and/or late payment against CountyCare are arbitrable claims, CountyCare's response to the subpoena may be considered a waiver of its right to arbitration and any payment claims should be determined by an arbitrator and not the court. Finally, CountyCare further objects to the subpoena that it imposes an undue burden as it is overly broad and not narrowly tailored to the claims raised in the Complaint related to CountyCare.

Should you wish to discuss this matter further, please feel free to contact me.

Sincerely,

/s/ *Silvia Mercado Masters*

Assistant State's Attorney
Municipal Litigation Section

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 CV 2561 |
| v. | ) | |
| | ) | Honorable Andrea R. Wood |
| THERESA EAGLESON, in her official | ) | |
| capacity as Director of the Illinois Department | ) | |
| of Healthcare and Family Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ILLINICARE'S OBJECTIONS TO DEFENDANT'S
SUBPOENA TO PRODUCE A 30(b)(6) WITNESS FOR DEPPOSITION**

IlliniCare Health Plan ("IlliniCare"), by and through its attorneys, Falkenberg Ives LLP, in responding to Defendant Theresa Eagelson's, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, Subpoena to Testify at a Deposition in a Civil Action ("Subpoena"), states as follows:

**General Objections Applicable to All Topic Requests**

IlliniCare asserts the following objections to Defendant's List of Topics. The following objections apply to the Requests, as well as each and every definition and instruction.

1.      IlliniCare objects to the Requests to the extent they seek information that is already in the possession, custody, or control of Defendant.

2.      IlliniCare objects to the Requests to the extent they are not narrowly tailored to avoid imposing an undue burden or expense on IlliniCare, a third party.

3.      IlliniCare objects to the Requests to the extent they seek to impose obligations upon IlliniCare beyond the scope of the Federal Rules of Civil Procedure or the Local Rules for the Northern District of Illinois.

4.     IlliniCare objects to the Requests to the extent they are unreasonably cumulative, duplicative or seek information that can be obtained from some other source that is more convenient, less burdensome or less expensive.

5.     IlliniCare objects to the Requests to the extent they seek information protected by the attorney-client privilege or any other applicable constitutional, statutory, or common-law privilege or protection.  IlliniCare further objects to the Requests to the extent they seek information protected from discovery by the work product doctrine including the mental impressions, conclusions, opinions, or legal theories of an attorney or persons acting at the direction of an attorney, on the ground that such information is exempt from discovery.

6.     IlliniCare objects to the Requests to the extent they seek the production of information or knowledge not within its possession, custody or control, on the ground that such discovery exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure.

7.     The general objections stated herein are incorporated by reference into each and every response herein, as if fully set forth below. No such objection is waived by answering the Request in whole or in part. Any response provided herein is subject to and limited by the general objections stated herein.

8.     IlliniCare reserves all objections regarding the discoverability, materiality, relevance, and admissibility of the information sought in the Requests, as IlliniCare is not a party to the litigation and cannot accurately assess whether the information requested is properly discoverable or relevant to this action. IlliniCare reserves the right to interpose additional objections if, and when, the purported meaning and relevance of any particular Request is clarified by Defendant.

9.      IlliniCare expressly reserves the right to supplement, modify, amend, correct, or clarify its objections and responses as further investigation occurs.

**IlliniCare's Objections to the Rule 30(b)(6) Deposition Subject Matter Requests**

1.      The authenticity and related attributes of all documents provided by IlliniCare (the "MCO") to the Illinois Department of Humana Services ("HFS") or its counsel in connection with this litigation or as part of the MCO's regular reporting of information to HFS (e.g., made at or near the time of the event recorded by a person with knowledge of the event or from information transmitted by such a person, and made and kept in the course of the MCO's regularly conducted business).

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.

2.      The negotiation and formation of all contracts and agreements between the MCO and Plaintiff ("Saint Anthony Hospital"), and the origin and use of all guidelines, manuals, and other documents illustrating, elaborating on, or interpreting these contracts and agreements.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome.

3.      The Medicaid payment rates in these contracts and agreements, including how these rates compare to HFS's fees-for-service rates for persons not enrolled with an MCO.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.

4.      The procedures for submitting claims to the MCO by hospital providers for reimbursement of Medicaid services, including any procedures specific in the Comprehensive Billing Manual published by the Illinois Association of Medicaid Health Plans (the "Billing Manual").

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds to the extent the request seeks information pertaining to providers other than Saint Anthony Hospital.

5.      The MCO's involvement with the preparation of any part of the Billing Manual.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad, unduly burdensome, and vague and ambiguous.

6.      Communications between the MCO and St. Anthony Hospital related to the process or procedures for submitting Medicaid claims, including with respect to the coding of services provided, DRG and EAPG-related information, specification of add-ons, and compliance with the Billing Manual.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract

4

between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and the information requested is in the possession of Saint Anthony Hospital. Defendant should be required to use the party discovery process to obtain information available from Saint Anthony Hospital rather than burdening IlliniCare, a third party.

7.     The MCO's Medicaid claim reimbursement procedures for hospital providers, including the form, information, and details on the MCO's Explanation of Payments and Remittance Advices (collectively, "EOPs") for Medicaid claims.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds to the extent the request seeks information pertaining to providers other than Saint Anthony Hospital.

8.     Communications between the MCO and St. Anthony Hospital related to the MCO's procedures and process for reimbursement of Medicaid claims, including with respect to the information included or not included on the MCO' EOPs (excluding communications solely about individual claims).

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and the information requested is in the possession of Saint Anthony Hospital. Defendant should be required to use the party discovery process to

obtain information available from Saint Anthony Hospital rather than burdening IlliniCare, a third party.

9. The average timing, since January 2019, for each month or other period for which such information is available, between Medicaid claim submissions after patient discharge, and the MCO's adjudications and payments of such submissions, by St. Anthony Hospital, and by all hospital providers collectively.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the request seeks information pertaining to providers other than Saint Anthony Hospital and who are not parties to this litigation.

10. All disputes or disagreements with St. Anthony Hospital or other providers regarding the MCO's Medicaid claim processing procedures, including with respect to the timing of claims adjudications and payments, the information provided with EOPs, and the reasons for claim denials (excluding disputes solely about individual claims), and any offers or negotiations related to a settlement of such disputes or disagreements.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the request seeks information pertaining to providers other than Saint Anthony Hospital and who are not parties to this litigation.

11. For each month or other period for which such information is available since January 2019, the percentage of Medicaid claims submitted by St. Anthony Hospital, and by other hospital providers, collectively, that have been denied, including, as available, a breakdown of the reason or reasons for the claim denials, and the percentage of such denials for which correction action later resulted in payment.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the request seeks information pertaining to providers other than Saint Anthony and who are not parties to this litigation.

12. All disputes or disagreements with St. Anthony Hospital or other providers about what constitutes a "clean claim" (excluding disputes solely about individual claims).

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the request seeks information pertaining to providers other than Saint Anthony Hospital and who are not parties to this litigation. In addition, such other providers likely have their own agreements with IlliniCare that may call for different definitions of clean claims.

13. The number of instances since January 2019 that St. Anthony has used the HFS claim dispute portal for a Medicaid claim submitted to the MCO, and how this compares to the number of such disputes submitted by other hospitals, taking into account their volume of claims.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, on relevance grounds as the request seeks information pertaining to providers other than Saint Anthony Hospital and who are not parties to this litigation, and on the grounds that the information requested is in the possession of Saint Anthony Hospital. Defendant should be required to use the party discovery process to obtain information available from Saint Anthony Hospital rather than burdening IlliniCare, a third party.

14.     Communications with St. Anthony Hospital relating to any assertion by it that the MCO is not complying with its obligations under its contract or under any applicable law.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and the information requested is in the possession of Saint Anthony Hospital. Defendant should be required to use the party discovery process to obtain information available from Saint Anthony Hospital rather than burdening IlliniCare, a third party.

15.     Communications with St. Anthony Hospital relating to its use or potential use of the dispute resolution procedures in its contract with the MCO, or of any other legal claim or recourse against the MCO, relating to Medicaid claims.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the

8

request is overly broad and unduly burdensome, and the information requested is in the possession of Saint Anthony Hospital. Defendant should be required to use the party discovery process to obtain information available from Saint Anthony Hospital rather than burdening IlliniCare, a third party.

16.     Whether, and if so to what extent, the MCO's policies, procedures, practices, and experience for claims processing differ between, on the one hand, Medicaid claims by St. Anthony Hospital and other Illinois hospitals, and, on the other, claims for private-sector insurance (e.g., under employer-sponsored policies), including with respect to the rates of claim rejection or denial and the timing of payments, and the reasons for those differences.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the request seeks information pertaining to other providers and other IlliniCare plans.

17.     The MCO's participation in and information received at the biweekly meetings hosted by HFS, with participation by Medicaid providers and MCOs (also known as the "Monday Meetings"), concerning Medicaid claims processing, including relating to the information provided on EOPs, or the timing of claim adjudication or payments.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and the information requested is in the possession of Defendant.

18.     The use of software programs, including those manufactured or produced by 3M™, to determine DRG and EAPG coding for purpose determining the amount a hospital is owed for reimbursements of Medicaid claims.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and the information requested is confidential and/or proprietary.

19.     Meetings or presentations that the MCO has had with St. Anthony Hospital to discuss Medicaid billing issued related to the Medicaid claims submission process.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome.

20.     The categories of information described in the Rider to the Subpoena Duces Tecum issued on the MCO on June 2, 2020.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare incorporates its responses and objections to the Rider to the Subpoena Duces Tecum as if fully set forth herein.

Respectfully Submitted,

_____ */s/ Kirstin B. Ives* _____
Kirstin B. Ives
Falkenberg Ives LLP
230 W. Monroe, Suite 2220
Chicago, IL 60606
312-566-4803
kbi@falkenbergives.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 CV 2561 |
| v. | ) | |
| | ) | Honorable Andrea R. Wood |
| THERESA EAGLESON, in her official | ) | |
| capacity as Director of the Illinois Department | ) | |
| of Healthcare and Family Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ILLINICARE'S OBJECTIONS TO DEFENDANT'S
SUBPOENA TO PRODUCE DOCUMENTS**

IlliniCare Health Plan ("IlliniCare"), by and through its attorneys, Falkenberg Ives LLP, in responding to Defendant Theresa Eagelson's, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), states as follows:

**General Objections Applicable to All Requests**

IlliniCare asserts the following objections to Defendant's Requests. The following objections apply to the Requests, as well as each and every definition and instruction.

1.      IlliniCare objects to the Requests to the extent they seek information that is already in the possession, custody, or control of Defendant.

2.      IlliniCare objects to the Requests to the extent they are not narrowly tailored to avoid imposing an undue burden or expense on IlliniCare, a third party.

3.      IlliniCare objects to the Requests to the extent they seek to impose obligations upon IlliniCare beyond the scope of the Federal Rules of Civil Procedure or the Local Rules for the Northern District of Illinois.

4.    IlliniCare objects to the requests to the extent they are unreasonably cumulative, duplicative or seek information that can be obtained from some other source that is more convenient, less burdensome or less expensive.

5.    IlliniCare objects to the Requests to the extent they seek information protected by the attorney-client privilege or any other applicable constitutional, statutory, or common-law privilege or protection.  IlliniCare further objects to the Requests to the extent they seek information protected from discovery by the work product doctrine including the mental impressions, conclusions, opinions, or legal theories of an attorney or persons acting at the direction of an attorney, on the ground that such information is exempt from discovery.

6.    IlliniCare objects to the Requests to the extent they seek the production of information or knowledge not within its possession, custody or control, on the ground that such discovery exceeds the scope of discovery permissible under the Federal Rules of Civil Procedure.

7.    The general objections stated herein are incorporated by reference into each and every response herein, as if fully set forth below. No such objection is waived by answering the Request in whole or in part. Any response provided herein is subject to and limited by the general objections stated herein.

8.    IlliniCare reserves all objections regarding the discoverability, materiality, relevance, and admissibility of the information sought in the Requests, as IlliniCare is not a party to the litigation and cannot accurately assess whether the information requested is properly discoverable or relevant to this action. IlliniCare reserves the right to interpose additional objections if, and when, the purported meaning and relevance of any particular Request is clarified by Defendant.

9.    IlliniCare expressly reserves the right to supplement, modify, amend, correct, or clarify its objections and responses and any document production (if any) as further investigation occurs.

### IlliniCare's Objections to the Documents Requested

1.    In Microsoft Excel format, information identifying all Medicaid claims submitted by Saint Anthony Hospital ("SAH") in 2019 and 2020 which you (the "MCO") determined to be unclean at the time of receipt, including, but not limited to, the following information: claim number, dates of service, calculation of charges for services, statement date, date claim sent, and document control number.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.

2.    For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by providers that were paid within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the Request seeks information pertaining to providers other than Saint Anthony Hospital ("Saint Anthony") and who are not parties to this litigation.

3.      For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by SAH that were paid within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.

4.      Communications (including emails) between the MCO and SAH (including their employees and agents) regarding (a) the timing of the MCO's payments after receiving Medicaid claims, including any asserted failure by the MCO to promptly pay a claim, (b) the asserted lack of relevant detail or information on the MCO's Explanation of Payments, Remittance Advices, or notices of claim denial, or (c) SAH's compliance with the claim-submission procedures in the Illinois Association of Medicaid Health Plan's Comprehensive Billing Manual or SAH's contract with an MCO (but not, for any category, communications relating only to an individual claim).

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.  IlliniCare further objects on the grounds that the request is overly broad, unduly burdensome, and the information requested is in the possession, custody, and control of Saint Anthony. Defendant should be required to use the party discovery process to obtain information available from Saint Anthony rather than burden IlliniCare, a third party.

5.      For the period between and including January 2019 to May 2020, documents showing how SAH compares with other healthcare provides regarding how quickly they submit

claims for Medicaid reimbursement after a patient's discharge, and the rates at which the claims are rejected or denied.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the Request seeks information regarding providers other than Saint Anthony and who are not parties to this litigation.

6. For the period between and including January 2019 to May 2020, documents showing how quickly SAH's Medicaid claims are paid compared to other providers.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome, and on relevance grounds as the Request seeks information regarding providers other than Saint Anthony and who are not parties to this litigation.

7. For the period between and including January 2019 to May 2020, documents showing the process and documentation for any component of access payments, directed payments or assessment funded payments that are paid through the MCO.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital. IlliniCare further objects on the grounds that the request is overly broad and unduly burdensome.

8. For the period between and including January 2019 to May 2020, communications or documents referring to communications related to or regarding the use of potential use of the

dispute resolution procedures in SAH's contract with the MCO, or about the pursuit of any other legal claims or recourse by SAH against the MCO relating to SAH's Medicaid claims, but not limited to, payment delay or payment denial.

**RESPONSE:** IlliniCare objects to this request on the basis that it is moving to intervene in this action as this matter should properly be before an arbitrator in accordance with the contract between IlliniCare and Saint Anthony Hospital.

Respectfully Submitted,

_____*/s/ Kirstin B. Ives*_____
Kirstin B. Ives
Falkenberg Ives LLP
230 W. Monroe, Suite 2220
Chicago, IL 60606
312-566-4803
kbi@falkenbergives.com

**McGuireWoods LLP**
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

**Steven D. Hamilton**
Direct: 312.849.8232



shamilton@mcguirewoods.com

June 16, 2020

<u>**Via Email & U.S. Mail**</u>

Jason Kanter, Esq.
Illinois Attorney General's Office
100 W. Randolph, 13th Floor
Chicago, IL 60601
jkanter@atg.state.il.us

     *Re:*   *Saint Anthony Hospital v. Eagleson*, Case No. 20-cv-2561
             Third Party Subpoena to Molina Healthcare of Illinois, Inc. ("Molina")

Dear Mr. Kanter:

        As you know, my firm represents Molina in connection with the third party subpoena *duces tecum* you sent to it on behalf of the Defendant Theresa Eagleson ("Eagleson") in the above-referenced matter (the "Subpoena"). Please accept this letter as Molina's written response and objections to the Subpoena.

        **Document Request No. 1**: Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, as well as overly broad and unduly burdensome to the extent it seeks information beyond the specific data points identified therein. Molina further objects to the extent it seeks information that is protected health information as such information is confidential and not relevant. Subject to and without waiving these objections, Molina will produce claims information identifying claims submitted by SAH to Molina for dates of service from January 1, 2019 to May 31, 2020 and which were denied.

        **Document Request No. 2**: Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, as well as to the extent it seeks protected health information as such information is confidential and not relevant. Subject to and without waiving these objections, Molina will produce data showing the percentage of claims that were paid or denied within 30 days, 90 days, and more than 90 days after receipt of the claim.

        **Document Request No. 3**: Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, as well as to the extent it seeks protected health information as such information is confidential and not relevant. Subject to and without waiving these objections, Molina will produce aggregated data showing the percentage of claims submitted by SAH that were paid within 30 days, 90 days, and more than 90 days after receipt of the claim.

June 15, 2020
Page 2

**Document Request No. 4**:  Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, and because it is overly broad and unduly burdensome in seeking communications between two organizations regarding broad topics. Subject to and without waiving these objections, Molina will conduct a reasonable search for communications between Molina and SAH from the date of January 1, 2019 to May 31, 2020 regarding the payment of claims submitted by SAH.

**Document Request No. 5**:  Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, as well as to the extent it seeks protected health information as such information is confidential and not relevant.  Subject to and without waiving these objections, Molina will produce aggregated data showing the time from date of service to receipt by Molina of claims from SAH and all providers from January 2019 to May 2020.

**Document Request No. 6**:  Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, as well as to the extent it seeks protected health information as such information is confidential and not relevant.  Subject to and without waiving these objections, Molina will produce aggregated data showing the time from date of receipt by Molina of claims from SAH and all providers, and payment by Molina, from January 2019 to May 2020.

**Document Request No. 7**:  Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, and because it is overly broad and unduly burdensome in seeking documents regarding a broad issue.  Subject to and without waiving these objections, Molina will produce information showing the amount of access payments and directed payments Molina made to SAH from January 2019 to May 2020.

**Document Request No. 8**:  Molina objects to this document request on the basis that it is vague and ambiguous in the use of undefined terms, and because it is overly broad and unduly burdensome in seeking communications and "documents referring to communications" between two organizations regarding broad topics.  Molina further objects to this document request to the extent it seeks protected health information as such information is confidential and not relevant. Subject to and without waiving these objections, Molina will produce a list of claims that SAH disputed or appealed to Molina from January 1, 2019 to May 31, 2020 regarding the payment of claims submitted by SAH.  In addition, Molina will produce its current provider manual and memorandums sent to providers regarding appeals and disputes.

All documents identified for production herein will be produced according to the terms of the Agreed Protective Order entered in this matter.  The documents will be sent via separate email and through a secure file transfer.  If you have any concerns or issues with the production format, please let me know.

June 15, 2020
Page 3


     Molina reserves and does not waive all of its rights with respect to the Subpoena and the underlying lawsuit and the parties thereto.

                                            Very truly yours,

                                            Steven D. Hamilton

cc:    John Rosenthal, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 20 CV 2561 |
| | ) | |
| THERESA EAGLESON, in her official | ) | Judge: Andrea Wood |
| capacity as Director of the Illinois | ) | |
| Department of Healthcare and Family | ) | Magistrate: Sunil Harjani |
| Services, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTIONS TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), Meridian Health Plan of Illinois, Inc. ("Meridian") hereby asserts the following timely objections to the *Subpoena Duces Tecum* (the "Subpoena") dated June 2, 2020 and issued by Defendant Theresa Eagleson, in her official capacity as Director of the Illinois Department of Healthcare and Family Services ("HFS").

## PREFATORY STATEMENT

On April 24, 2020, Saint Anthony Hospital ("Saint Anthony") filed a Complaint in this action against Defendant. On June 16, 2020, Meridian filed a Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24, along with a proposed Motion to Stay and Compel Arbitration (collectively, the "Motions"). For the reasons set forth in the Motions, which Meridian incorporates herein by reference, all disputes in this matter concerning Meridian must be resolved in arbitration. In order to preserve its arbitration rights, and for the additional reasons set forth below, Meridian objects to producing any documents in response to the Subpoena at this time.

**GENERAL OBJECTIONS**

Meridian incorporates the following General Objections into each individual response as if fully set forth in each response.

1.      Meridian objects to the document requests attached to the Subpoena (the "Document Requests") because, for the reasons set forth in the Motions, all disputes in this matter concerning Meridian must be resolved in arbitration.

2.      Meridian objects to the Document Requests to the extent they are overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Meridian objects to the Document Requests, and any of the definitions and instructions in the Subpoena, to the extent they attempt to impose burdens on Meridian beyond those imposed by the Federal Rules and any applicable Local Rules and court orders.  Meridian also objects to any Document Requests to the extent they purport to require Meridian to produce documents in a form or manner different than permitted under the Federal Rules.

4.      Meridian objects to the Document Requests to the extent they seek disclosure of documents, ESI, or other information that is not within Meridian's possession, custody, or control.

5.      Meridian objects to the Document Requests to the extent they call for information protected by the attorney/client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, doctrine, or immunity.

6.      Meridian objects to the Document Requests to the extent they violate any constitutional, statutory, or common law rights of privacy and confidentiality (including those provided under any state or federal laws) of Meridian's members, employees, vendors, and other persons, including individuals who are not parties to this litigation.  More specifically, Meridian

objects to the Document Requests to the extent they seek information regarding any healthcare providers other than Saint Anthony.

7.    Meridian reserves its right to further supplement, modify, or amend these objections as necessary and appropriate.

## SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

In Microsoft Excel format, information identifying all Medicaid claims submitted by Saint Anthony Hospital ("SAH") in 2019 and 2020 which you (the "MCO") determined to be unclean at the time of receipt, including, but not limited to, the following information: claim number, dates of service, calculation of charges for services, statement date, date claim sent, and document control number.

### OBJECTIONS TO REQUEST NO. 1:

Meridian objects to this Request as vague and ambiguous with respect to "information identifying all Medicaid claims," "unclean at the time of receipt," and "calculation of charges for services." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

### REQUEST FOR PRODUCTION NO. 2:

For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by providers that were *paid* within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

### OBJECTIONS TO REQUEST NO. 2:

Meridian objects to this Request as vague and ambiguous with respect to "documents showing the percentage of clean Medicaid claims." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration. In

addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). For example, the Request purports to impose upon Meridian the obligation to search for information regarding healthcare providers other than Saint Anthony.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 3:**

For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by SAH that were *paid* within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

**OBJECTIONS TO REQUEST NO. 3:**

Meridian objects to this Request as vague and ambiguous at least with respect to "documents showing the percentage of clean Medicaid claims." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 4:**

Communications (including emails) between the MCO and SAH (including their employees and agents) regarding (a) the timing of the MCO's payments after receiving Medicaid claims, including any asserted failure by the MCO to promptly pay a claim, (b) the asserted lack of relevant detail or information on the MCO's Explanation of Payments, Remittance Advices, or notices of claim denial, or (c) SAH's compliance with the claim-submission procedures in the Illinois Association of Medicaid Health Plan's Comprehensive Billing Manual or SAH's contract with an MCO (but not, for any category, communications relating only to an individual claim).

**OBJECTIONS TO REQUEST NO. 4:**

Meridian objects to this Request as vague and ambiguous at least with respect to "timing of the MCO's payments after receiving Medicaid claims, including any asserted failure,"

"asserted lack of relevant detail," and "SAH's compliance with the claim-submission procedures." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration. In addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). For example, the Request purports to impose upon Meridian the obligation to search for information regarding healthcare providers other than Saint Anthony.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 5:

For the period between and including January 2019 to May 2020, documents showing how SAH compares with other healthcare providers regarding how quickly they submit claims for Medicaid reimbursement after a patient's discharge, and the rates at which the claims are rejected or denied.

## OBJECTIONS TO REQUEST NO. 5:

Meridian objects to this Request as vague and ambiguous at least with respect to "how SAH compares with other healthcare providers" and "the rates at which the claims are rejected or denied." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration. In addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). For example, the Request purports to impose upon Meridian the obligation to search for information regarding healthcare providers other than Saint Anthony.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 6:**

For the period between and including January 2019 to May 2020, documents showing how quickly SAH's Medicaid claims are paid compared to other providers.

**OBJECTIONS TO REQUEST NO. 6:**

Meridian objects to this Request as vague and ambiguous at least with respect to "how quickly SAH's Medicaid claims are paid compared to other providers." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration. In addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). For example, the Request purports to impose upon Meridian the obligation to search for information regarding healthcare providers other than Saint Anthony.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 7:**

For the period between and including January 2019 to May 2020, documents showing the process and documentation for any component of access payments, directed payments or assessment funded payments that are paid through the MCO.

**OBJECTIONS TO REQUEST NO. 7:**

Meridian objects to this Request as vague and ambiguous at least with respect to "documents showing the process and documentation for any component of access payments, directed payments or assessment funded payments that are paid through the MCO." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be

resolved in arbitration. In addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). For example, the Request purports to impose upon Meridian the obligation to search for information regarding healthcare providers other than Saint Anthony.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 8:

For the period between and including January 2019 to May 2020, communications or documents referring to communications related to or regarding the use or potential use of the dispute resolution procedures in SAH's contract with the MCO, or about the pursuit of any other legal claims or recourse by SAH against the MCO relating to SAH's Medicaid claims, including, but not limited to, payment delay or payment denial.

## OBJECTIONS TO REQUEST NO. 8:

Meridian objects to this Request as vague and ambiguous at least with respect to "potential use of the dispute resolution procedures" and "the pursuit of any other legal claims or recourse." Meridian further objects to this Request because all disputes in this matter concerning Meridian must be resolved in arbitration. In addition, Meridian objects to this Request because it seeks documents that are neither relevant to any claim or defense nor proportional to the needs of the case, and because it fails to avoid undue burden and expense as required by Federal Rule of Civil Procedure 45(d)(1). Meridian further objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity.

Based on Meridian's General and Specific Objections, Meridian objects to producing any documents in response to this Request at this time.

Dated:  June 16, 2020                    Meridian Health Plan of Illinois, Inc.


                                         By:  _s/ Ashlee M. Knuckey_____
                                              One of Its Attorneys

Ashlee M. Knuckey
aknuckey@lockelord.com
Steven T. Whitmer
swhitmer@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312.443.0700
Fax:      312.443.0336

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, a copy of the foregoing was served by electronic

mail on the following counsel for Defendant:

Richard Huszagh (RHuszagh@atg.state.il.us)
Sunil Bhave (SBhave@atg.state.il.us)
Jason Kanter (JKanter@atg.state.il.us)

*/s/ Ashlee M. Knuckey*
Ashlee M. Knuckey



Stephen M. Hankins
(415) 275-8525
shankins@rshc-law.com

June 16, 2020

**VIA ELECTRONIC MAIL**

Jason A. Kanter
Assistant Attorney General for the State of Illinois
100 W. Randolph Street, 13th Floor
Chicago, Illinois, 60601
jkanter@atg.state.il.us

      Re:    *Saint Anthony Hospital v. Eagleson,* Case No. 20-cv-02561 (N.D. Ill.)

Dear Mr. Kanter:

This firm represents NextLevel Health Partners, LLC ("NLHP") with regard to the attached subpoena duces tecum which NLHP's Chief Operating Officer, Garfield Collins, appears to have received via email on or about June 2, 2020 ("Subpoena").

First, NLHP only very recently retained our firm to represent it in this matter. The Subpoena sets a deadline of today, June 16th, to produce the requested documents. NLHP objects to the Subpoena on these grounds in addition to its apparent improper service.

Second, NLHP understands that other Managed Care Organizations ("MCOs") that were similarly subpoenaed in this action intend to move to stay this case pending a resolution in arbitration. NLHP objects to the Subpoena on this ground as well.

Third, while we are still reviewing the Subpoena, we have identified Requests that are objectionable in their current scope and substance. Our raising these objections in no way waives any other objection that NLHP may have and raise after it is properly served and has sufficient time to consider the Requests:

- Request No. 2 seeks documents showing a percentage of clean Medicaid claims submitted by providers that were paid within 30 days, within 90 days, and more than 90 days after receipt of the clean claim. This Request is not limited by provider and is unduly burdensome and not proportional to the needs of the case.

- Request No. 4 seeks communications between NLHP and Saint Anthony Hospital ("SAH") generally involving documents relating to the timing of Medicaid claim payments; any lack of relevant detail or information for any Explanation of Payments, Remittance Advices, or notices of claim denial; and SAH's compliance with claim submission procedures and contract terms. This Request, which is not limited in time, is unduly burdensome and contains vague and ambiguous descriptions. To cure these defaults, NLHP will limit the search to the relevant time period between and including January 2019 to May 2020. This

Jason A. Kanter
June 16, 2020
Page 2

Request also should be limited to custodians who are likely to have responsive communications who NLHP has identified as Garfield Collins and Mark Smith. Lastly, NLHP will apply the following search terms:

   a. ("Saint Anthony" OR SAH) AND (pay* OR invoice* OR claim*) AND (prompt* OR immediate* OR day* OR week* OR month* OR late OR fail* or behind OR arrear* OR owe*)

   b. ("Saint Anthony" OR SAH) AND ("Explanation of Payment*" OR EOP OR Remit* OR notice /3 claim OR claim /3 (deni* or deny)) AND (info* OR detail* OR descrip*)

   c. ("Saint Anthony" OR SAH) AND (Procedure* OR term* OR provision* or require*) AND (manual* OR contract* OR agreement*).

- Request No. 5 seeks documents showing how SAH compares with other healthcare providers regarding how quickly it submits claims for Medicaid reimbursement and its rejection/denial rates. NLHP objects to this Request because the Illinois Department of Healthcare and Family Services ("HFS") is in possession, custody, and control of this information.

- Request No. 6 seeks documents showing how quickly SAH's Medicaid claims are compared to other providers. NLHP objects to this Request because HFS is in possession, custody, and control of this information.

- Request No. 8 seeks documents referring to use or potential use of dispute resolution procedures in NLHP's contract with SAH. NLHP does not believe it has any documents or communications Responsive to this Request.

As a final matter, NLHP is in the process of winding down its business operations and migrating its members to other MCOs. As it prepares for business closure, NLHP is extremely limited in its resources. It objects to the Subpoena on this ground as well.

Please feel free to call me at your convenience if you would like to discuss anything outlined above.

Very truly yours,


*/s/ Stephen M. Hankins*
Stephen M. Hankins
Erin Gasparka
*Counsel for NextLevel Health Partners, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____ | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**RIDER**

1. In Microsoft Excel format, information identifying all Medicaid claims submitted by Saint Anthony Hospital ("SAH") in 2019 and 2020 which you (the "MCO") determined to be unclean at the time of receipt, including, but not limited to, the following information: claim number, dates of service, calculation of charges for services, statement date, date claim sent, and document control number.

2. For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by providers that were *paid* within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

3. For each month between and including January 2019 to May 2020, documents showing the percentage of clean Medicaid claims submitted by SAH that were *paid* within 30 days, within 90 days, and more than 90 days after receipt of the clean claim.

4. Communications (including emails) between the MCO and SAH (including their employees and agents) regarding (a) the timing of the MCO's payments after receiving Medicaid claims, including any asserted failure by the MCO to promptly pay a claim, (b) the asserted lack of relevant detail or information on the MCO's Explanation of Payments, Remittance Advices, or notices of claim denial, or (c) SAH's compliance with the claim-submission procedures in the Illinois Association of Medicaid Health Plan's Comprehensive Billing Manual or SAH's contract with an MCO (but not, for any category, communications relating only to an individual claim).

5. For the period between and including January 2019 to May 2020, documents showing how SAH compares with other healthcare providers regarding how quickly they submit

claims for Medicaid reimbursement after a patient's discharge, and the rates at which the claims are rejected or denied.

6.  For the period between and including January 2019 to May 2020, documents showing how quickly SAH's Medicaid claims are paid compared to other providers.

7.  For the period between and including January 2019 to May 2020, documents showing the process and documentation for any component of access payments, directed payments or assessment funded payments that are paid through the MCO.

8.  For the period between and including January 2019 to May 2020, communications or documents referring to communications related to or regarding the use or potential use of the dispute resolution procedures in SAH's contract with the MCO, or about the pursuit of any other legal claims or recourse by SAH against the MCO relating to SAH's Medicaid claims, including, but not limited to, payment delay or payment denial.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SAINT ANTHONY HOSPITAL | ) | Case No.:  20 CV 2561 |
| | ) | |
| Plaintiff, | ) | Judge:  Andrea Wood |
| | ) | |
| vs. | ) | Magistrate:  Sunil Harjani |
| | ) | |
| THERESA EAGLESON, in her official | ) | |
| capacity as Director of the Illinois | ) | |
| Department of Healthcare and Family | ) | |
| Services | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BLUE CROSS AND BLUESHIELD OF ILLINOIS'S OBJECTIONS TO DEFENDANT THERESA EAGLESON'S NOTICE OF RULE 30(b)(6) DEPOSITION

Blue Cross and Blue Shield of Illinois, a Division of Health Care Services Corporation, a Mutual Legal Reserve Company ("BCBSIL"), through its attorneys, hereby asserts the following objections to Defendant Theresa Eagleson's Notice of Rule 30(b)(6) Deposition:

## GENERAL OBJECTIONS

1.     BCBSIL objects to each and every one of the Deposition Topics to the extent Defendant Theresa Eagleson did not provide BCBSIL a reasonable amount of time to prepare a corporate representative to testify on these topics.

2.     BCBSIL objects to each and every one of the Deposition Topics to the extent they relate to a dispute between Saint Anthony and BCBSIL that is subject to mandatory binding arbitration under Section XIII of the BCBSIL Medicaid Provider Agreement for Facility Services between Saint Anthony and BCBSIL.

3.      BCBSIL objects to each and every one of the Deposition Topics as premature, particularly in light of the pending Motion to Dismiss filed by Defendant Theresa Eagleson which, if granted, would obviate the need for any discovery to BCBSIL.

4.      BCBSIL objects to the Deposition Topics to the extent they purport to impose obligations on BCBSIL that exceed or violate the obligations imposed upon a responding party under the Federal Rules of Civil Procedure, the Local Rules or law.

5.      BCBSIL objects to the Deposition Topics to the extent they seek information or testimony that is not in BCBSIL's possession, custody or control.

6.      BCBSIL objects to the Deposition Topics to the extent they seek information or testimony that is outside of BCBSIL's knowledge.

7.      BCBSIL objects to the Deposition Topics to the extent they seek information or testimony that is irrelevant to the subject matter in dispute or any of the claims or defenses asserted by the parties in the pending action.

8.      BCBSIL objects to the Deposition Topics to the extent they are overly broad, unduly burdensome and/or not proportional to the needs of the case.

9.      BCBSIL objects to the Deposition Topics to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Any inadvertent disclosure by BCBSIL of privileged and/or work product information and/or documents shall not constitute waiver of the attorney-client privilege, other privileges and/or work product doctrine protections.

10.     BCBSIL objects to each and every Deposition Topic to the extent it is vague, ambiguous, unintelligible, misleading or inaccurate.

11.     BCBSIL objects to each and every Deposition Topic to the extent it is unreasonably cumulative or duplicative.

12.     BCBSIL objects to each and every Deposition Topic to the extent it fails to describe the subject matter of the deposition testimony with sufficient particularity.

13.     BCBSIL objects to each and every Deposition Topic to the extent it calls for legal conclusions or positions, expert testimony and/or extensive data analysis that does not currently exist.

14.     BCBSIL objects to each and every definition or Deposition Topic which seeks any testimony or information that is protected health information, confidential, proprietary or trade secret subject matter or otherwise restricted from public disclosure.

15.     BCBSIL objects to the format of the Deposition Topics that identify or reference particular individuals, entities or things because they are overly broad, unduly burdensome, unclear and potentially unlimited in time and scope.

16.     Nothing contained in these Responses is an admission regarding the relevance, materiality, or admissibility of any testimony and/or information. BCBSIL reserves the right to object to the use of any of the testimony and/or information produced or to be produced hereunder in any subsequent proceeding in, or the trial of, this or any other action.

## OBJECTIONS TO SPECIFIC DEPOSITION TOPICS

**1.     The authenticity and related attributes of all documents provided by Blue Cross and Blue Shield ("the MCO") to the Illinois Department of Human Services ("HFS") or its counsel in connection with this litigation or as part of the MCO's regular reporting of information to HFS (e.g., made at or near the time of the event recorded by a person with knowledge of the event or from information transmitted by such person, and made and kept in the course of the MCO's regularly conducted business).**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 1 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 1 as

vague and ambiguous because the phrase "related attributes" is not defined and its meaning is unclear in context. BCBSIL further objects to Deposition Topic No. 1 because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 1 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

**2.     The negotiation and formation of all contracts and agreements between the MCO and Plaintiff ("Saint Anthony Hospital"), and the origin and use of all guidelines, manuals, and other documents illustrating, elaborating on, or interpreting these contracts and agreements.**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 2 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 2 as vague and ambiguous because the meaning of the phrase "illustrating, elaborating on, or interpreting" is unclear and because Deposition Topic No. 2 fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 2 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case. BCBSIL objects to Deposition Topic No. 2 to the extent it could be interpreted as calling for testimony regarding Protected Health Information that is protected from disclosure under HIPAA.

**3.     The Medicaid payment rates in these contracts and agreements, including how these rates compare to HFS's fee-for-service rates for persons not enrolled with an MCO.**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 3 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 3 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 3 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

4. **The procedures for submitting claims to the MCO by hospital providers for reimbursement of Medicaid services, including any procedures specified in the Comprehensive Billing Manual published by the Illinois Association of Medicaid Health Plans (the "Billing Manual").**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 4 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 4 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 4 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

5. **The MCO's involvement with the preparation of any part of the Billing Manual.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 5 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 5 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 5 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

6. **Communications between the MCO and Saint Anthony Hospital related to the MCO's process or procedures for submitting Medicaid claims, including with respect to the coding of services provided, DRG and EAPG-related information, specification of add-ons, and compliance with the Billing Manual.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 6 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 6 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 6 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case. BCBSIL objects to Deposition Topic No. 6 to the extent it could be interpreted as calling for testimony regarding Protected Health Information that is protected from disclosure under HIPAA.

7.     The MCO's Medicaid claim reimbursement procedures for hospital providers, including the form, information, and details on the MCO's Explanation of Payments and Remittance Advices (collectively, "EOPs") for Medicaid claims.

**RESPONSE**:  BCBSIL objects to Deposition Topic No. 7 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 7 as vague and ambiguous because the meaning of the phrase "claim reimbursement procedures for hospital providers" is unclear and because it fails to identify or describe the subject matter with sufficient particularity.  BCBSIL further objects to Deposition Topic No. 7 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

8.     Communications between the MCO and St. Anthony Hospital related to the MCO's procedures and process for reimbursement of Medicaid claims, including with respect to the information included or not included on the MCO's EOPs (excluding communications solely about individual claims).

**RESPONSE**:  BCBSIL objects to Deposition Topic No. 8 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 8 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity.  BCBSIL further objects to Deposition Topic No. 8 as seeking testimony that is not relevant to any claim or defense asserted by the parties or proportional to the needs of the case. BCBSIL objects to Deposition Topic No. 8 to the extent it could be interpreted as calling for testimony regarding Protected Health Information that is protected from disclosure under HIPAA.

9.     The average timing, since January 2019, for each month or other period for which such information is available, between Medicaid claim submissions after patient discharge, and the MCO's adjudications and payments of such submissions, by St. Anthony Hospital, and by all hospital providers collectively.

**RESPONSE**:  BCBSIL objects to Deposition Topic No. 9 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 9 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient

particularity. BCBSIL further objects to Deposition Topic No. 9 as seeking testimony that is not

relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

BCBSIL objects to Deposition Topic No. 9 to the extent it calls for detailed data analysis that may

not exist or that would be time consuming and expensive to create.

      **10.** **All disputes or disagreements with St. Anthony Hospital or other providers regarding the MCO's Medicaid claim processing procedures, including with respect to the timing of claim adjudications and payments, the information provided with EOPs, and the reasons for claim denials (excluding disputes solely about individual claims), and any offers or negotiations related to a settlement of such disputes or disagreements.**

      **RESPONSE:** BCBSIL objects to Deposition Topic No. 10 as overly broad, unduly

burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 10

as vague and ambiguous because it does not identify any specific "other providers" and because it

fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects

to Deposition Topic No. 10 as seeking testimony that is not relevant to any of the claims or defense

asserted by the parties or proportional to the needs of the case. BCBSIL objects to Deposition

Topic No. 10 to the extent it could be interpreted as seeking confidential settlement-related

communications and information protected from disclosure by, among other things, confidentiality

agreements and/or the mediation privilege.

      **11.** **For each month or other period for which such information is available since January 2019, the percentage of Medicaid claims submitted by St. Anthony Hospital, and by other hospital providers collectively, that have been denied, including as available, a breakdown of the reason or reasons for the claim denials, and the percentage of such denials for which corrective action later resulted in payment.**

      **RESPONSE:** BCBSIL objects to Deposition Topic No. 11 as overly broad, unduly

burdensome and unlimited in scope. BCBSIL also objects to Deposition Topic No. 11 as vague

and ambiguous and because it fails to identify or describe the subject matter with sufficient

particularity. BCBSIL further objects to Deposition Topic No. 11 as seeking testimony that is not

relevant to any claim or defense asserted by the parties or proportional to the needs of the case.

BCBSIL objects to Deposition Topic No. 11 to the extent it calls for detailed data analysis that may not exist or that would be time consuming and expensive to create.

**12.     All disputes or disagreements with St. Anthony Hospital or other providers about what constitutes a "clean claim" (excluding disputes solely about individual claims).**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 12 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 12 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity.  BCBSIL further objects to Deposition Topic No. 12 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties in the case or proportional to the needs of the case.  BCBSIL objects to Deposition Topic No. 12 to the extent it could be interpreted as calling for testimony regarding Protected Health Information that is protected from disclosure under HIPAA.

**13.     The number of instances since January 2019 that St. Anthony has used the HFS claim dispute portal for a Medicaid claim submitted to the MCO, and how this compares to the number of such disputes submitted by other hospitals, taking into account their volume of claims.**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 13 as overly broad and unduly burdensome.  BCBSIL also objects to Deposition Topic No. 13 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity.  BCBSIL further objects to Deposition Topic No. 13 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties in the case or proportional to the needs of the case.

**14.     Communications with St. Anthony Hospital relating to any assertion by it that the MCO is not complying with its obligations under its contract or under any applicable law.**

**RESPONSE:**  BCBSIL objects to Deposition Topic No. 14 as overly broad, unduly burdensome and unlimited in time and scope.  BCBSIL also objects to Deposition Topic No. 14 as vague and ambiguous and because it fails to identify or describe the subject matter with

sufficient particularity. BCBSIL further objects to Deposition Topic No. 14 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties or proportional to the needs of the case.

**15.     Communications with St. Anthony Hospital relating to its use or potential use of the dispute resolution procedures in its contract with the MCO, or of any other legal claim or recourse against the MCO, relating to Medicaid claims.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 15 as overly broad and unduly burdensome and because it seeks testimony that is not relevant or proportional to the needs of the case. BCBSIL also objects to Deposition Topic No. 15 as vague and ambiguous because the meaning of the phrase "any other legal claim or recourse" is unclear. BCBSIL further objects to Deposition Topic No. 15 because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 15 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties or proportional to the needs of the case.

**16.     Whether, and if so to what extent, the MCO's policies, procedures, practices, and experience for claims processing differ between, on the one hand, Medicaid claims by St. Anthony Hospital and other Illinois hospitals, and, on the other, claims for private-sector insurance (e.g., under employer sponsored policies), including with respect to the rates of claim rejection or denial and the timing of payments, and the reasons for those differences.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 16 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 16 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 16 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties or proportional to the needs of the case.

**17.     The MCO's participation in and information received at the biweekly meetings hosted by HFS, with participation by Medicaid providers and MCOs (also known**

as the "Monday Meetings"), concerning Medicaid claims processing, including relating to the information provided on EOPs, or the timing of claim adjudications or payments.

**RESPONSE:** BCBSIL objects to Deposition Topic No. 17 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 17 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 17 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties or proportional to the needs of the case.

18. **The use of software programs, including those manufactured or produced by 3M™, to determine DRG and EAPG coding for purposes [sic] determining the amount a hospital is owed for reimbursements of Medicaid claims.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 18 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 18 as vague and ambiguous and because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL further objects to Deposition Topic No. 18 as seeking testimony that is not relevant to any of the claims or defenses asserted by the parties or proportional to the needs of the case.

19. **Meetings or presentations that the MCO has had with St. Anthony Hospital to discuss Medicaid billing issues related to the Medicaid claims submission process.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 19 as overly broad, unduly burdensome and unlimited in time and scope. BCBSIL also objects to Deposition Topic No. 19 as vague and ambiguous because the term "billing issues" is not a defined term and its meaning is not clear from context. BCBSIL further objects to Deposition Topic No. 19 as seeking testimony that is not relevant or proportional to the needs of the case.

20. **The categories of information described in the Rider to the Subpoena Duces Tecum issued on the MCO on June 2, 2020.**

**RESPONSE:** BCBSIL objects to Deposition Topic No. 20 as vague and ambiguous because HFS did not serve a Subpoena Duces Tecum on BCBSIL on June 2, 2020. BCBSIL also objects to Deposition Topic 20 because it fails to identify or describe the subject matter with sufficient particularity. BCBSIL adopts and incorporates by reference as if fully set forth herein all of its objections to the individual requests in the Subpoena Duces Tecum Defendant Theresa Eagleson issued to BCBSIL on or about June 10, 2020.

Dated: June 18, 2020      Respectfully submitted,

By:  /s/ Kevin D. Tessier

Martin J. Bishop, Esq. (IL # 6269425)
Kevin D. Tessier, Esq. (IL #6238232)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
mbishop@reedsmith.com
ktessier@reedsmith.com
T: (312) 207-1000
F: (312) 207-6400

*Counsel for Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation, a Mutual Legal Reserve Company*

- 11 -

## **CERTIFICATE OF SERVICE**

I certify that on June 18, 2020, I served Blue Cross and Blue Shield of Illinois, a Division of

Health Care Service Corporation, a Mutual Legal Reserve Company's Objections to Defendant Theresa

Eagleson's Notice of Rule 30(b)(6) Deposition to the following counsel via email and U.S. mail:

> Sunil Bhave
> Richard S. Huszagh
> Jason A. Kanter
> Assistant Attorney's General
> Office of the Attorney General
> 100 W. Randolph Street, 13th Floor
> Chicago, IL 60602
> T: (312) 814-2098
> sbhave@atg.state.il.us
> rhuszagh@atg.state.il.us
> jkanter@atg.state.il.us

> *Counsel for Defendant Theresa Eagleson*

/s/ Kevin D. Tessier

*Counsel for Blue Cross and Blue Shield of Illinois,
a division of Health Care Service Corporation, a
Mutual Legal Reserve Company*